IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gabriel Carrillo, | ) | C/A No. 0:09-2103-HFF-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Edgefield Satellite Prison Camp, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The plaintiff, Gabriel Carrillo ("Carrillo"), a self-represented federal prisoner currently housed at the Satellite Prison Camp adjacent to FCI-Edgefield of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 42 U.S.C. § 2241. In his Petition, Carrillo contends that he is eligible for twelve months of community confinement placement and that BOP's decision violates the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008). This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion to dismiss, or in the alternative for summary judgment.[1] (Docket Entry 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 31.) Carrillo filed a response in opposition. (Docket Entry 36.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

---

[1] Also pending before the court are Carrillo's motion for an evidentiary hearing (Docket Entry 20) and motion for a preliminary injunction (Docket Entry 21).

Page 1 of 11



## BACKGROUND

Carrillo is serving a twenty-four month sentence for conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. (See SENTRY Sentence Computation, Docket Entry 30-1.) Carrillo began serving his term on January 28, 2009 and is anticipated to be released on October 24, 2010, with ninety-four days of credit for good conduct. Further, Carrillo was recommended for sixty to ninety days of Residential Reentry Center placement[2] and approved for sixty days of placement effective August 24, 2010.[3]

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[2] The court notes that on March 31, 2006, the BOP Executive Staff approved changing the name from "Community Corrections Center" ("CCC") to "Residential Reentry Center" ("RRC") to provide a clearer description of the services and programs offered, to associate community based programs with other reentry initiatives being implemented around the country, and to clearly differentiate community-based programs from correctional facilities.

[3] Carrillo was sentenced in the United States District Court for the Southern District of New York. (Docket Entry 30-1.) Carrillo subsequently was approved to have his release designation changed to the Middle District of Florida and that district approved his Supervision Release Plan. (Docket Entries 30-2 & 30-5.)



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e).  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The sole remedy in federal court for a prisoner seeking restoration of good time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser, 411 U.S. 475.  Moreover, a petition for habeas corpus under § 2241 is the proper method

*PJG*

to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**C.      Subject Matter Jurisdiction**

The respondent first contends that Carrillo is not challenging the fact or duration of his term; rather, his claim relates to the conditions of his confinement—i.e., the location. Although the United States Court of Appeals for the Fourth Circuit has not addressed this issue, other circuits have held that a challenge to BOP regulations governing placement in an RRC is a proper challenge to the execution of the inmate's sentence and is therefore properly brought pursuant to § 2241. See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005). These courts observed that confinement in a traditional federal prison is "qualitatively different" from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in an RRC. Woodall, 432 F.3d at 243-44; see also Levine, 455 F.3d 71, 78 (stating that the "petition challenges the place of his imprisonment, including the differences in the manner and conditions of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish CCCs from other BOP penal facilities"). Based on this persuasive authority from other circuits, the court finds that this action challenging the length of Carrillo's RRC placement is properly brought as a habeas corpus action pursuant to 28 U.S.C. § 2241.

**D.      Exhaustion of Administrative Remedies**

Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. Carmona v. United

*PJG*

States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion also required under 28 U.S.C. § 2241); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). An inmate's failure to exhaust his administrative remedies may only be excused upon a showing of cause and prejudice. Carmona, 243 F.3d at 634-35 (cited in McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. Feb. 6, 2004) (unpublished)).

BOP has a three-tiered administrative grievance process. See 28 C.F.R. §§ 542.10 et seq. In this case, the parties agree that Carrillo failed to complete all of the required steps of the grievance process. However, Carrillo asserts that he repeatedly attempted to pursue his administrative remedies, but that he was prevented from doing so due to the actions of BOP employees.[4] The respondent disputes this allegation. In light of this factual dispute that arguably demonstrates cause for Carrillo's failure to exhaust his administrative remedies, the court will proceed to address the merits of Carrillo's claim.

**E.     Merits**

Carrillo alleges that he should have been recommended for twelve months of RRC placement rather than sixty days based on the requirements of the Second Chance Act.

---

[4] Carrillo also alleges (1) that exhaustion would be futile and (2) that due to economic conditions he is entitled to the maximum allowable placement in an RRC. These arguments do not avail Carrillo. See, e.g., Torres v. Martinez, C/A No. 3:09cv1070, 2009 WL 2487093, *4 (M.D. Pa. Aug. 12, 2009) ("Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate.") (unpublished); Yannucci v. Stansberry, C/A No. 2:08CV561, 2009 WL 2421546, *3 (E.D. Va. July 28, 2009) (unpublished) (stating that a petitioner's failure to exhaust his remedies on a claim challenging the amount of RRC placement he received due to "lack of time" was not excused).

PJG

1. **Community Placement Generally**

Community placement is provided for by 18 U.S.C. § 3624(c)(1), which provides the following:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act of 2007, eff. Apr. 9, 2008). Designation of such placement is based upon consideration of the following five factors, as provided in 18 U.S.C. § 3621(b):

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence-
    (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission . . . .

18 U.S.C. § 3621(b). Amendments by the Second Chance Act required BOP to issue new regulations to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). Both the interim rules adopted by BOP, see 28 C.F.R. §§ 570.20-.22, and the statute require BOP to determine "on an individual basis" how much time, if any, each federal prisoner should spend at an RRC. Further, they provide that the maximum amount of time that a prisoner can spend at an RRC is not more than twelve months; however, there is no set minimum. See 28 C.F.R. § 570.21

("Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months"). "Under these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on the § 3621(b) factors." Specter v. Dir., Fed. Bureau of Prisons, C/A No. 4:09-191-TLW, 2010 WL 883733, *5 (D.S.C. Mar. 5, 2010) (citing Skrzypek v. Cruz, C/A No. 08-6111 ADM/SRN, 2009 WL 465053, *2 (D. Minn. Feb. 24, 2009).

After the passage of the Second Chance Act, BOP issued a memorandum dated November 14, 2008, noting that prisoners are now eligible for up to twelve months in a halfway house. The November 14 memorandum also noted that a memorandum issued April 14, 2008—which stated that the Warden must obtain the Regional Director's approval for RRC placements of greater than six months because the BOP's "experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less"—remains in full effect. (Docket Entry 1-1 at 5, 12.)

2.  **Discussion**

To the extent that Carrillo alleges that the Act requires BOP to provide him with twelve months of community placement, this argument fails. While Carrillo may be eligible for up to twelve months of community placement, there is no requirement for BOP to place Carrillo in an RRC for any portion of his sentence. This decision is within BOP's discretion. See Miller v. Lappin, No. 7:09CV00012, 2009 WL 166873, *2 (W.D. Va. Jan. 26, 2009).

Carrillo also alleges in his Petition that the April 14 and November 14 memoranda are inconsistent with the Second Chance Act and that the April 14 memorandum "impermissibly constrains staff's discretion to designate inmates to a CCC for a duration that will provide the



greatest likelihood of successful reintegration into the community." (Pet., Docket Entry 1 at 11.) He further alleges that the respondent abused her discretion in recommending his placement in an RRC for only sixty to ninety days.

The record includes a declaration from Pamela Justice, Carrillo's case manager, explaining the process that was used in determining the proper RRC placement for Carrillo. (Docket Entry 30-2.) In this case, Carrillo's Unit Team considered his case and applied the five statutory factors listed in 18 U.S.C. § 3621(b). (Factors Under 18 U.S.C. § 3621(b) - Worksheet, Docket Entry 30-6; Justice Decl., Docket Entry 30-2.) The Team first considered the facilities contemplated and found that Carrillo intends to re-establish family ties and that he intends to resume employment with a company he formerly owned. Next, the Team considered the nature and circumstances of Carrillo's offense, which included a short incarceration of twenty-four months plus three years supervised release for conspiracy to commit bank fraud. The Team again noted that Carrillo intends to reside with his wife and family. In considering Carrillo's history and characteristics, the Team stated that he has maintained a clear conduct record and had no prior convictions or history of violence or escape. Further, the Team included pertinent statements by the sentencing court recommending designation to an institution near his residence in central Florida and the imposition of special conditions for his supervised released, such as financial limitations and fines. Finally, the Team stated that there are no pertinent policy statements issued by the United States Sentencing Commission. (Worksheet, Docket Entry 30-6.) In addition, Justice declares that the Team considered facts including that Carrillo's offense was not a crime of violence, that he has not been out of the community very long, that he appears to have a stable and supportive family, that he does

Page 8 of 11

PJG

not have a history of drug or alcohol abuse, and that he has prospects of a good, stable job. (Justice Decl. ¶¶ 10-11, Docket Entry 30-2.)

Based on the above, the court finds that BOP properly reviewed Carrillo's case on an individual basis and considered § 3621(b)'s five factors in approving Carrillo for sixty days of RRC placement. Further, there is no indication that Carrillo was categorically granted less than six months of placement in an RRC. As Carrillo was recommended and approved for significantly less than six months of RRC placement, there is no basis to infer that the challenged memoranda—which require the Warden to obtain the Regional Director's approval for RRC placements of greater than six months because the BOP's "experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less"—factored into or constrained BOP's decision.[5] Accordingly, Carrillo is not entitled to habeas corpus relief.

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondent's motion (Docket Entry 30) be granted and that Carrillo's Petition be denied. In light of the court's recommendation, the

---

[5] Even if Carrillo could demonstrate that these memoranda impacted BOP's decision in this matter, many courts have held that these memoranda do not violate the Second Chance Act of 2007. See, e.g., Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (holding that the requirement in the April 14th memorandum that "placement in an RRC for more than 180 days is 'highly unusual' and possible only with an 'extraordinary justification' " was not inconsistent with § 3621(b)); Taylor v. Jett, C/A No. 09-1632 (RHK/JJK), 2010 WL 502783 at *3 (D. Minn., Feb. 5, 2010) (finding that the requirement of "unusual or extraordinary circumstances" for RRC placements longer than six (6) months complies with the requirements of the Second Chance Act); Garcia v. Sanders, C/A No. 09-4188-ODW (RNB), 2009 WL 2970384, *4 (C.D. Cal. Sept. 15, 2009) ("Nor, in the Court's view, does either [BOP] Memo evidence a BOP policy of not giving individualized consideration to RRC placement requests and/or denying all inmates any more than six months RRC placement."); but see Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009) (holding that the memoranda constrain the staff's discretion and are without support in the Second Chance Act and remanding for BOP to reconsider the petitioner's RRC placement without the limitations imposed by the memoranda).



court also recommends that Carrillo's motion for an evidentiary hearing (Docket Entry 20) be denied. See Anderson v. United States, 898 F.2d 751, 753 (9th Cir. 1990) (*per curiam*) (holding that "because the record conclusively shows that petitioner is not entitled to habeas corpus under 28 U.S.C. § 2241, no evidentiary hearing was required"). The court further recommends that Carrillo's motion for a preliminary injunction be terminated as moot. (Docket Entry 21.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 10, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Larry W. Propes, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).